# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MARY E. WILLS,**
**Claimant Below, Petitioner**

**FILED**

**April 25, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0727** (BOR Appeal No. 2052551)
                    (Claim No. 2017008750)

**PRINCETON COMMUNITY HOSPITAL ASSOCIATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Mary E. Wills, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Princeton Community Hospital Association, by Steven K. Wellman, its attorney, filed a timely response.

The issues on appeal are an additional compensable condition and temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on March 4, 2017. On March 28, 2017, it denied the addition of low back strain of the muscle fascia and tendon to the claim. The Office of Judges affirmed the decisions in its January 25, 2018, Order. The Order was affirmed by the Board of Review on July 20, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Wills, a surgical nurse, was injured in the course of her employment on September 29, 2016, when she slipped on a wet floor and fell. Treatment notes from Princeton Community Hospital emergency room that day indicate Ms. Wills reported pain in her right shoulder, elbow, and hip after falling on a wet floor at work. X-rays of the right shoulder, right pelvis, right hip, and right elbow showed no evidence to suggest acute traumatic injury. X-rays of the lumbar spine showed degenerative disc disease at L5-S1 and facet joint arthropathy. Ms. Wills was given a physical exam during which it was noted that her back was normal with no tenderness. She was diagnosed with right shoulder contusion and taken off of work until October 3, 2016. Ms. Wills

1

completed an Employees' and Physicians' Report of Injury that day as well, indicating she injured her right elbow, shoulder, and hip when she slipped and fell on a wet floor. Rebecca Green, APRN, FNP, BC, completed the physician's section and listed the diagnoses as contusions of the right shoulder, elbow, and hip. The claim was held compensable for strained muscle tendon of the right shoulder rotator cuff, right shoulder contusion, right elbow contusion, and right hip contusion.

An October 6, 2016, treatment note by Frederick Morgan, D.O., indicates Ms. Wills reported right shoulder pain since her compensable fall. Dr. Morgan diagnosed right shoulder pain with rotator cuff weakness. He administered an injection and ordered physical therapy and an MRI. On October 31, 2016, Ms. Wills returned with continued pain. Dr. Morgan noted that an MRI was performed and showed a rotator cuff tear. He recommended surgery. Ms. Wills returned on December 20, 2016, and Dr. Morgan noted that she underwent rotator cuff surgery on December 6, 2016. She reported some shoulder pain and new complaints of low back and upper buttock pain. Dr. Morgan recommended conservative treatment for the lower back.

Ms. Wills underwent physical therapy in January of 2017. Treatment notes by Gregory Southers, PA-C, indicate her right shoulder was doing well and that she could return to work on January 19, 2017, with accommodations restricting the use of her right arm. Mr. Southers stated that he does not treat back pain and recommended she be referred for evaluation and treatment of her lower back symptoms. Ms. Wills saw Dr. Morgan on January 23, 2017, and he noted that she was doing well. He stated that he agreed with Mr. Southers's opinion that Ms. Wills could return to work with accommodations restricting the use of her right arm. He released her to return as of January 24, 2017, with the restriction of no lifting with her right arm. On January 24, 2017, Ms. Wills completed a Transitional Duty Agreement with her department manager stating that with her restrictions, the position available for her was case management assistant. Temporary total disability benefits were suspended on January 27, 2017, as Ms. Wills had been released to return to work.

Rebecca Thaxton, M.D., performed a physician review on January 30, 2017, in which she recommended that right rotator cuff syndrome be added to the claim. She stated that the addition of the condition would be inconsequential since the claim was already compensable for rotator cuff sprain. Dr. Thaxton recommended denying the addition of low back pain to the claim. She found that there was no initial low back injury and Ms. Wills did not report lower back pain on the report of injury or to a physician when she initially sought treatment. Though the January 18, 2017, physical therapy notes stated that the lower back pain had been ongoing since the compensable injury, Dr. Thaxton found that the medical record failed to support this assertion.

Ms. Wills returned to Dr. Morgan on February 23, 2017. He noted that she was doing very well post rotator cuff surgery. He released her to return to normal activity as tolerated and released her to return to work with no restrictions. The claims administrator closed the claim for temporary total disability benefits on March 4, 2017. A VocWorks Closure Report dated March 14, 2017, indicates Ms. Wills was released to return to full duty work. On March 28, 2017, the claims administrator denied the addition of low back strain of the muscle fascia and tendon to the claim.

David Soulsby, M.D., performed an independent medical evaluation on April 13, 2017, in which he assessed post-surgical repair of the right shoulder rotator cuff tear, healed right elbow contusion, healed right hip contusion, lumbar sprain/strain, and preexisting degenerative disc disease at L5-S1. Dr. Soulsby noted that Ms. Wills sustained an injury to her lower back on March 16, 2016, while restraining a patient. He found that the incident likely aggravated her degenerative disc disease. The aggravation did not heal and was still a problem at the time of her September 29, 2016, compensable injury. Dr. Soulsby opined that the compensable fall caused an aggravation of the preexisting condition and that Ms. Wills may have persistent back pain related to the degenerative disc disease; however, it is not a compensable condition. Dr. Soulsby opined that Ms. Wills had reached maximum medical improvement for the right shoulder and elbow but not for the right hip and lower back. He assessed 0% elbow impairment and 5% right shoulder impairment.

A lumbar MRI was performed on May 10, 2017, and showed degenerative changes and bulging discs from T12-S1. There was facet joint arthropathy from L3-S1. Ms. Wills sought treatment from Princeton Community Hospital Emergency Department on May 11, 2017, for lower back pain that had worsened since her MRI the day before. She reported that the pain radiated into her right buttock and thigh and that she also had tingling with the pain. She was diagnosed with acute on chronic right lumbosacral strain, multilevel disc bulges as seen on MRI, and acute right sciatic radiculopathy.

Ms. Wills testified in a deposition on May 17, 2017, that she returned to work on modified duty in January of 2017 but only worked two days due to lower back pain. She has not returned to work since that time. She asserted that she reported back pain to Dr. Morgan in October of 2016 and was told that he does not treat backs. She stated that prior to the September 29, 2016, injury, she had no back injury. In March of 2016, she fought with a combative patient and injured her back but it was all on the left side. She wrote an incident report but did not complete a claim application. She also stated that she told her boss the following month that she was still having problems with her back but thought that it was a muscular issue. She missed no work and received no treatment for the incident. Ms. Wills asserted that she reported back pain when she initially sought treatment at the emergency room on September 29, 2016. On May 23, 2017, Dr. Morgan wrote a letter in which he opined that Ms. Wills's lower back muscle fascia and tendon strain should be added as a compensable condition to the claim.

The Office of Judges affirmed the claims administrator's decisions denying the addition of low back strain of the muscle fascia and tendon to the claim and closing the claim for temporary total disability benefits in its January 25, 2018, Order. It found that neither the report of injury nor the emergency room treatment notes mention the lower back. Medical records do not show any indication of back issues until December 20, 2016, when Ms. Wills told Dr. Morgan that she had back pain. The Office of Judges concluded that though Dr. Morgan wrote a letter opining that the low back should be included in the claim, he failed to provide an explanation for his opinion. The Office of Judges further found that Dr. Soulsby opined that Ms. Wills had preexisting degenerative disc disease which was aggravated when she injured her back on March 16, 2016, while restraining a patient. It was his opinion that the aggravation did not completely heal and was a persistent problem at the time of the compensable September 29, 2016, injury. Therefore, in his opinion, the September 29, 2016, injury caused an aggravation of a preexisting condition. The Office of Judges

3

concluded that under *Gill v. City of Charleston* 236 W.Va. 737, 783 S.E.2d 857 (2016), an aggravation of a preexisting condition is not compensable unless it causes a discrete new injury. Based on the evidence at hand, the Office of Judges held that Ms. Wills's lower back problems are not compensable.

In regard to temporary total disability benefits, the Office of Judges noted that they are to cease when a claimant returns to work, is released to return to work, or had reached maximum medical improvement. Ms. Wills was released to return to modified duty on January 18, 2017, by Mr. Southers. Dr. Morgan concurred on January 23, 2017, and stated she could return to work as long as she refrained from using her right arm. He signed a return to work slip the following day. Ms. Wills and her manager also signed a Transitional Duty Agreement that day. Lastly, Dr. Soulsby found that Ms. Wills reached maximum medical improvement on April 13, 2017. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 20, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Wills initially reported injuries to her elbow, shoulder, and hip. She did not mention back pain until three months after the injury occurred. Two physicians of record provided opinions on the compensability of the lower back. Dr. Morgan opined that the condition should be added to the claim but provided no explanation to support his opinion. Dr. Soulsby found that Ms. Wills suffers from a preexisting lower back condition that was aggravated by the compensable injury. As Dr. Soulsby provided a reasonable explanation for the symptoms that is supported by the medical evidence, his opinion is more reliable than that of Dr. Morgan. Since Ms. Wills was released to return to work, temporary total disability benefits were properly suspended.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison